UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DAVID J. SAFRAN,

                Plaintiff,

        v.                                    5:06-CV-0599
                                                      (NPM)(GHL)

JOSEPH SAPIO, Attorney at Law,

                Defendant.

_____

**APPEARANCES**

**DAVID J. SAFRAN**
**Plaintiff,** *pro se*

**NEAL P. McCURN, Senior Judge**

## DECISION & ORDER

### I. INTRODUCTION

Presently before the Court is a civil rights complaint filed by Plaintiff David J. Safran.[1] Dkt. No. 1. Plaintiff, who is incarcerated at Auburn Correctional Facility, also filed an application to proceed *in forma pauperis*. Dkt. No. 2.

In his complaint, Plaintiff claims that Defendant, his former assigned counsel, failed to provide effective assistance of counsel. Dkt. No. 1, Complaint at pp. 4-5. Plaintiff claims that Defendant "orchestrated" Plaintiff's "illegal" incarceration at Cayuga County Jail from May 24, 2005 to December 14, 2005. *Id.* at p. 5. Plaintiff also alleges that Defendant failed to file a state petition for writ of habeas corpus, failed to "allow" Plaintiff to sign release papers, and failed to resign after Plaintiff filed a grievance against Defendant. *Id.* at pp. 4-5. For a complete statement of Plaintiff's claims, reference is made to the complaint.

### II. DISCUSSION

Consideration of whether a *pro se* plaintiff should be permitted to proceed *in forma*

---

[1] **Plaintiff is an experienced litigator, having filed in excess of nineteen actions in this District since September 2004. Eleven of those actions were filed in May 2006.**

*pauperis* is a two-step process.  First, the Court must determine whether the plaintiff may proceed with the action without pre-paying, in full, the statutory filing fee.  The Court must then consider whether the causes of action stated in the complaint are, *inter alia*, frivolous or malicious, or if they fail to state a claim upon which relief may be granted.  28 U.S.C. § 1915(e)(2)(B); *see also* 28 U.S.C. 1915A(b).

A.    **Application to proceed** *in forma pauperis*

Based upon a review of Plaintiff's *in forma pauperis* application, the Court finds that Plaintiff has demonstrated sufficient economic need.  *See* Dkt. No. 2.

B.    **Sufficiency of the complaint**

Since the Court has found that Plaintiff meets the financial criteria for commencing this case *in forma pauperis*, the Court must consider the sufficiency of the complaint in light of 28 U.S.C. § 1915(e).  Section 1915(e) directs that when a plaintiff seeks to proceed *in forma pauperis*, the Court:

> (2)    [S]hall dismiss the case at any time if the court determines that -
>
> \*\*\*
> (B) the action ... (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).  Thus, even if a plaintiff meets the financial criteria to commence an action *in forma pauperis*, it is the Court's responsibility to determine that a complaint may properly be maintained in this District before it may permit the plaintiff to proceed with his or her action *in forma pauperis*.  *Id.*

Plaintiff has sued Defendant, his former appointed counsel, for allegedly failing to provide effective assistance of counsel.  However, parties may not be held liable under 42 U.S.C. § 1983 unless it can be established that they have acted under the color of state law.  *See*, *e.g.*, *Rounseville*

2

*v. Zahl*, 13 F.3d 625, 628 (2d Cir. 1994) (noting state action requirement under § 1983); *Wise v. Battistoni*, 92-Civ-4288, 1992 WL 380914, *1 (S.D.N.Y. Dec. 10, 1992) (same) (citations omitted).  State action is an essential element of any § 1983 claim.  *See Gentile v. Republic Tobacco Co.*, No. 95-CV-1500, 1995 WL 743719, *2 (N.D.N.Y. Dec. 6, 1995) (Pooler, J.) (citing *Velaire v. City of Schenectady,* 862 F.Supp. 774, 776 (N.D.N.Y. 1994) (McAvoy, C.J.) (citation omitted)).  It is the plaintiff's duty to allege that the defendant acted under color of state law, and if a plaintiff fails to plead that element of his claim, a court may dismiss an action under 28 U.S.C. § 1915(e).  *See, e.g.*, *Giannini v. Pearson et al.*, No. 95-CV-1669, slip op. at 4 (N.D.N.Y. Dec. 28, 1995), *appeal dismissed* (2d Cir. Apr. 19, 1996); *Carollo-Gardner v. Diners Club*, 628 F.Supp. 1253, 1256 (E.D.N.Y. 1986) (dismissing as frivolous *pro se* complaint in which the plaintiff failed to allege state action by defendants) (citations omitted).  It is well established that court-appointed attorneys performing a lawyer's traditional functions as counsel to defendants do not act "under color of state law;" and therefore are not subject to suit under § 1983.  *Bourdon v. Loughren*, 386 F.3d 88, 90 (2d Cir. 2004) (citing *Rodriguez v. Weprin*, 116 F.3d 62, 65-66 (2d Cir. 1997) (other citation omitted)).

In the instant action, Defendant, as Plaintiff's former appointed attorney, is not subject to suit under § 1983 because he did not act under color of state law.  Accordingly, the complaint must be dismissed for failure to state a claim upon which relief may be granted.

**WHEREFORE**, it is hereby

**ORDERED** that the complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted, and it is further

**ORDERED** that in light of the dismissal of this action, Plaintiff's *in forma pauperis* application is **DENIED** as moot, and it is further

**ORDERED** that the Clerk serve a copy of this Order on Plaintiff.

**IT IS SO ORDERED.**

Dated: August 1, 2006

                                                                                                  Neal P. McCurn
                                                                                                  Senior U.S. District Judge